

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| RICKY L. SMITH, | § |
| Plaintiff, | § § § |
| vs. | §  CIVIL ACTION NO. 6:04-21956-HFF-WMC |
| JO ANNE B. BARNHART, Commissioner of Social Security, | § § § § |
| Defendant. | § § |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE
JUDGE AND AFFIRMING DEFENDANT'S DECISION

## I.     INTRODUCTION

This is a Social Security action. This matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which he suggests that Defendant's decision to deny Plaintiff disability insurance benefits (DIB) be affirmed. The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

## II.    THE REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the report on October 31, 2005; and Plaintiff filed his objections to the report on November 9, 2005. The Court will now review each of the objections in turn.

### III.     PLAINTIFF'S OBJECTIONS[1]

*A.     Veteran's Administration (VA) Rating*

Plaintiff contends that the Administrative Law Judge (ALJ) failed to properly consider Plaintiff's VA rating of total disability. The Court is unconvinced.

According to Plaintiff, Plaintiff's VA rating is entitled to "great weight." (Pl.'s Objs. to Rept. at 1.) For this proposition, Plaintiff cites to the case of *DeLoatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983). That case holds, in relevant part, that,

> Neither the opinion of a treating physician nor the determination of another governmental entity are binding on the Secretary. Nevertheless, we have repeatedly stressed that "the opinion of a claimant's treating physician is entitled to great weight." *Vitek v. Finch*, 438 F.2d 1157, 1160 (4th Cir. 1971). Similarly, the disability determination of a state agency is entitled to consideration by the Secretary.

*Id.* at 150 n.1. Thus, while this Court cannot agree with Plaintiff that *DeLoatche* requires that the ALJ give the VA rating "great weight," it is inarguable that the rating is entitled to consideration.[2]

---

[1] For a recitation of the relevant factual and procedural history, the reader is directed to the report.

[2] Even if the ALJ was generally required to give a claimant's VA rating great weight, however, such a rule would be inapplicable here. "Since the regulations for disability status differ between the [Social Security Administration] and the VA, ALJs need not give 'great weight' to a VA disability determination if they adequately explain the valid reasons for not doing so."

2

From the record before it, this Court is convinced that such consideration was made. Therefore, the Court will overrule this objection.

    B.    *Listed Impairment*

Plaintiff argues that his combined mental impairments, considered as a whole, meet the listing. According to Plaintiff, substantial evidence exists in the record to find that Plaintiff is disabled. This question, however, is not before the Court. That is, the Court is not concerned with whether substantial evidence exists in the record to find that Plaintiff is disabled, but whether there is substantial evidence in the record to support the ALJ's finding that Plaintiff is not disabled.

While it may be true that, were the Court conducting a *de novo* review of the record, it would come to a different conclusion than did the ALJ, it is not the province of this Court to make such a judgment. Instead, the Court must look to determine whether correct law was applied and whether substantial evidence supports the ALJ's finding. Having carefully reviewed the record before it, the Court answers each of these two questions in the affirmative.

    C.    *Treating Physician's Opinion*

Plaintiff maintains that the Magistrate Judge's support of the ALJ's decision to give greater weight to the opinions of the non-examining/treating physicians in Plaintiff's case is contrary to the applicable regulations. The Court is unpersuaded.

As the Magistrate Judge noted, the opinion of Plaintiff's treating physician

> was inconsistent [not only] with the plaintiff's own conduct, but also with the medical evidence from other VA physicians who treated the plaintiff and from examining physicians. Moreover, [the opinion of

---

*Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). In the case at bar, it is apparent from the record that the ALJ 1) considered both the VA rating as well as the bases for the rating and 2) set forth a legitimate rationale for discounting the bases and, thus, for the rating, as well.

3

> Plaintiff's treating physician] is not a medical finding, and his opinion cannot resolve the ultimate issue of disability, which is reserved for the Commissioner.

(Mag. Rept. at 18.) (citations omitted).

### D. *Plaintiff's Credibility*

Plaintiff states, in essence, that the Magistrate Judge erred in finding that there is substantial evidence in the record to support the ALJ's finding that Plaintiff's testimony regarding his disability was not credible. The Court disagrees.

The ALJ found that Plaintiff's allegations regarding his disability were unsupported by the medical evidence in the record. Moreover, although Plaintiff testified that the side effects of his medication were debilitating, the record establishes that, on two separate occasions, Plaintiff did not report to his doctor any side effects from his medications. Moreover, it appears from the record that Plaintiff's impairments generally responded well to treatment. For these reasons, the Court finds that there is substantial evidence in the record to support the ALJ's decision.

## IV.  CONCLUSION

After a thorough review of the report and the objections pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the report to the extent that it does not contradict this order and incorporates it herein. Accordingly, it is the judgment of this Court that the decision of the Commissioner be **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 18th day of November, 2005, in Spartanburg, South Carolina.

                                                /s/ Henry F. Floyd
                                                HENRY F. FLOYD
                                                UNITED STATES DISTRICT JUDGE